# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1031V
UNPUBLISHED

| | |
|---|---|
| BILINDA ANDERSON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 23, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On July 17, 2019, Bilinda Anderson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on September 12, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 13, 2022, I issued Findings of Fact in which I determined that the Petitioner provided preponderant evidence to establish that the onset of her left shoulder pain occurred within 48 hours of vaccination. ECF No. 36 at 5. In reaction, on November 10, 2022, Respondent filed an Amended Rule 4(c) Report stating that (while preserving

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

his right to appeal the September 13, 2022 Fact Finding) he agrees that "petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for Shoulder Injury Related to Vaccine Administration ("SIRVA")." Respondent's Rule 4(c) Report at 2 (citing 42 C.F.R. §§ 100.3(a)(XIV) and (c)(10)).

    Specifically, Respondent stated as follows:

    In light of the Chief Special Master's fact ruling, and medical record evidence submitted in this case, [the Secretary] has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table . . . Therefore, based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act."

*Id.* at 7.

    **In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

    **IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
